IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JONES, Plaintiff, v. MARRIOTT INTERNATIONAL, INC. d/b/a/ PHILADELPHIA MARRIOTT, Defendant | : | Case No. 02-CV-2662 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARRIOTT HOTEL SERVICES, INC. (Incorrectly designated "Marriott International, Inc." in the Complaint)**

**ANSWER**

Defendant, Marriott Hotel Services, Inc. ("Marriott") (incorrectly designated "Marriott International, Inc." in the Complaint), answers the allegations of plaintiff's Complaint as follows:

1. Admitted in part, denied in part. Marriott admits only that plaintiff Anthony Jones ("plaintiff") purports to bring this action pursuant to the statutes referenced. Marriott specifically denies that Defendant Marriott committed any discrimination or retaliation and further denies that plaintiff is entitled to any relief. To the extent the allegations in this paragraph constitute conclusions of law, no response is required and Marriott specifically denies those allegations. All remaining allegations in this paragraph are specifically denied.

**JURISDICTION**

2. Admitted in part, denied in part. It is admitted only that this plaintiff seeks to invoke the jurisdiction of this Court. All remaining allegations constitute conclusions of law to which no response is required and Marriott specifically denies those allegations.

**VENUE**

3. Admitted in part, denied in part. It is admitted only that venue in this district is proper. All remaining allegations in this paragraph are denied, and it is specifically denied that Marriott committed any unlawful acts and/or practices giving rise to plaintiff's alleged claims.

**ADMINISTRATIVE PROCEDURES**

4. Admitted in part, denied in part. It is admitted only that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 170A20136. Defendant Marriott is without knowledge or information at the current time sufficient to form a belief as to whether plaintiff also filed a charge with the Pennsylvania Human Relations Commission. Accordingly, all remaining allegations in this paragraph are specifically denied.

5. Denied. Marriott is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that he received a "Notice of Right to Sue Letter" on or about April 16, 2002, and, therefore, such allegation is denied. To the extent plaintiff seeks to paraphrase, characterize and/or summarize the terms of any "Notice of Right to Sue Letter" he alleges he received, such "Notice of Right to Sue Letter," if any, is in writing and speaks for itself. All allegations in this paragraph are specifically denied.

6. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, furthermore, these allegations are specifically denied.

**PARTIES**

7. Admitted in part, denied in part. It is admitted only that plaintiff is an adult individual. Marriott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph which are, therefore, specifically denied.

8. Admitted in part, denied in part. It is admitted only that Marriott International, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 10400 Fernwood Road, Bethesda, MD. All remaining allegations in this paragraph are specifically denied. By way of further answer, Marriott Hotel Services, Inc. operates the Philadelphia Marriott Hotel.

**FACTS**

9. Admitted in part, denied in part. It is admitted only that Marriott hired plaintiff to work as a Banquet Housekeeping Aid at its Philadelphia Marriott Hotel. It is denied that Marriott hired plaintiff on or about November 15, 2000. All remaining allegations in this paragraph are specifically denied.

10. Denied. Marriott is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which are, therefore, specifically denied.

11. Admitted.

12. Admitted in part, denied in part. It is admitted only that plaintiff's supervisor, Mr. Matthew Fleming, informed plaintiff on or about December 8, 2000, that he could not return to work with Marriott unless he trimmed his beard in compliance with Marriott's Grooming Standards policy. By way of further answer, Mr. Fleming allowed plaintiff to finish working his shift on or about December 8, 2000 and asked plaintiff to report to work the next day in compliance with Marriott's Grooming Standards policy. Mr. Fleming also advised plaintiff to contact the Senior Catering Sales Manager, Mr. Coleman Wallace, if he had any questions about Marriott's Grooming Standards policy. All remaining allegations in this paragraph are specifically denied.

13. Admitted in part, denied in part. It is admitted only that plaintiff's position did not involve food preparation. All remaining allegations in this paragraph are specifically denied.

By way of further answer, plaintiff contacted Mr. Coleman Wallace on or about December 9, 2000 and stated for the first time that because of his religion, he could not trim his beard in compliance with Marriott's Grooming Standards policy.

14. Admitted in part, denied in part. It is admitted only that Mr. Wallace initially informed plaintiff on or about December 9, 2000, that if plaintiff engaged in future deviations from Marriott's Grooming Standards policy, that would result in additional counseling, including the possibility of suspension pending termination. However, plaintiff subsequently discussed his request for religious accommodation with Mr. Bruce Brobeck, Marriott's Director of Human Resources at the Philadelphia Marriott. Mr. Brobeck informed plaintiff that Marriott would accommodate plaintiff's asserted religious beliefs by allowing him to wear a beard on the condition that plaintiff provide documentation to Marriott from his place of worship supporting and verifying plaintiff's request for this accommodation based on religious beliefs. All remaining allegations in this paragraph are specifically denied.

15. Denied.

16. Denied.

17. Admitted in part, denied in part. It is admitted only that Marriott received a letter signed by plaintiff's counsel and dated December 22, 2000. To the extent plaintiff seeks to paraphrase, characterize and/or summarize the content of the letter signed by plaintiff's counsel and dated December 22, 2000, this letter is in writing and speaks for itself and Marriott denies any and all characterizations, paraphrases, and summaries of the letter. All remaining allegations in this paragraph are specifically denied.

18. Admitted in part, denied in part. It is admitted only that Marriott renewed its offer to accommodate plaintiff's request to wear his beard and that plaintiff subsequently

returned to work with his beard. Marriott is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that he wore a beard in observance of his religion and such allegation is, therefore, denied. All remaining allegations in this paragraph are specifically denied.

19. Denied.

20. and 20 (A-F). Denied.

**COUNT I**
**Title VII**

21. Marriott incorporates by reference its responses to Paragraphs 1 through 20, above, as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

Relief Clause: Defendant denies that plaintiff is entitled to any injunctive relief, back pay, front pay, compensatory damages, punitive damages, expert witness fees, attorneys' fees, costs or any other relief or damages.

**COUNT II**
**Pennsylvania Human Relations Act**

26. Marriott incorporates by reference its responses to Paragraphs 1 through 25, above, as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

Relief Clause: Defendant denies that plaintiff is entitled to any injunctive relief, back pay, front pay, compensatory damages, punitive damages, expert witness fees, attorneys' fees, costs or any other relief or damages.

---

Any allegations not specifically admitted above are specifically denied.

---

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of the claims alleged in plaintiff's Complaint are barred in whole or in part by applicable statutes of limitations or other time limitations, including those provided under Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Pennsylvania Human Relations Act ("PHRA").

3. Plaintiff has failed to exhaust his administrative remedies prior to filing this action with respect to all or part of the claims asserted in his Complaint.

4. Some or all of plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

5. Defendant Marriott acted in a lawful, legitimate and non-discriminatory manner at all times relevant to this action.

6. Defendant Marriott acted in good faith at all times relevant to this action.

7. Defendant Marriott fully satisfied any legal duty it may have had to accommodate plaintiff's religious beliefs and/or observances.

8. Plaintiff failed to timely request an accommodation based on alleged religious beliefs or to meet otherwise his obligations in conjunction with the required interactive process.

9. Defendant Marriott did not commit any unlawful discrimination or retaliation against plaintiff.

10. Defendant Marriott has a legitimate business justification for instituting, administering and enforcing its Grooming Standards policy.

11. Marriott's Grooming Standards policy is non-discriminatory and is not directed at any religion.

12. The requirements set forth in Marriott's Grooming Standards policy are bona fide occupational qualifications.

13. Defendant Marriott is not liable at all to plaintiff in this matter and plaintiff is not entitled to any relief or damages.

14. Defendant Marriott lawfully terminated plaintiff's employment.

15. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Marriott, or otherwise to avoid alleged harm.

16. Plaintiff has suffered no damages or, in the alternative, any damages suffered by plaintiff were not proximately caused by defendant Marriott.

17. Plaintiff has failed and refused to mitigate his damages.

18. Plaintiff's claims are barred by plaintiff's failure to elect remedies under the Doctrine of Election of Remedies and by the Doctrines of Laches, Waiver and Estoppel.

---

Defendant Marriott reserves the right to assert any additional Affirmative Defenses in this case.

WHEREFORE, defendant Marriott demands that judgment of dismissal be entered in Marriott's favor and against plaintiff, plus costs of suit and reimbursement of Marriott's reasonable attorneys' fees.

Dated: June 10, 2002

STEVENS & LEE

By:____________________________________

WILLIAM J. PAYNE
Attorney I.D. No. 32071
JOHN F.WARD
Attorney I.D. No. 81350
One Glenhardie Corporate Center
1275 Drummers Lane
P.O. Box 236
Wayne, PA 19807-0236
(610) 293-4966

Attorneys for Defendant
Marriott Hotel Services, Inc.

**CERTIFICATE OF SERVICE**

I, WILLIAM J. PAYNE, ESQUIRE, certify that I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses of Marriott Hotel Services, Inc., (incorrectly designated Marriott International, Inc. in the Complaint), upon plaintiff's attorney, Stanley B. Cheiken, Esquire, 1626 Pine Street, Philadelphia, PA 19103, by United States first class mail, postage prepaid, on this 10th day of June, 2002.

Dated: June 10, 2002

________________________________________

William J. Payne